◼ GREGORIA B. TORRES, as Administrator of the Estate of CONFESSOR B. TORRES, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 52095-A.)—Appeal from a judgment of the Court of Claims, entered February 5, 1974, which dismissed the claim for wrongful death. Decedent was a patient at Pilgrim State Hospital where he was diagnosed as a schizophrenic, chronic undifferentiated type. On May 6, 1969, he left the hospital grounds and died after apparently either falling or jumping from a bridge over the Southern State Parkway and being struck by several cars. In the present action, claimant alleges that decedent's death was caused by the negligent supervision which he received at the hospital, but the court found no merit to this contention and dismissed the claim. We agree with this conclusion. While the hospital grounds were not heavily patrolled or guarded and decedent's departure therefrom on the day of his death was undoubtedly facilitated by his being placed in an open ward and granted an honor card which allowed him to leave the ward during daylight hours, nothing in the record indicates that the treatment which decedent received was other than medically sound and proper. During his stay at the hospital, decedent never exhibited violent or suicidal tendencies and he was granted progressively greater privileges only upon his favorable response to treatment. Accordingly, the possibility of his committing suicide as a result of his

increased freedom was not a foreseeable risk for which the State could be held liable *(Williams v State of New York,* 308 NY 548; *Higgins v State of New York,* 24 AD2d 147). Furthermore, the decision to place decedent under only limited restraints was a medical judgment for which the State is not liable even if the judgment proves to be erroneous *(Williams v State of New York,* 30 AD2d 611; *St. George v State of New York,* 283 App Div 245, affd 308 NY 681). In conclusion, we find no merit to claimant's argument that a "stricter standard of custody" should have been applied to decedent because he was an involuntary patient. A patient is classified involuntary when he has a mental illness and is unable to understand his need for care and treatment and not because of any likelihood that he will run away (Mental Hygiene Law, § 31.01). In contrast, the degree of custody deemed necessary for both voluntary and involuntary patients is quite properly dependent upon the condition of each individual patient and his prior history and behavior. Judgment affirmed, without costs. Greenblott, J. P., Koreman, Main, Larkin and Reynolds, JJ., concur.